IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CORA BRANTLEY, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | CA 2:11-591-CG-C |
| DWIGHT BASSETT and BUILDERS TRANSPORTATION CO., LLC, | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), on the plaintiffs' motion to remand this matter to the Circuit Court of Hale County, Alabama (Doc. 9), filed November 9, 2011, and the parties' Joint Stipulation to Remand (Doc. 11; *see also* Doc. 12), filed November 22, 2011. After consideration of the joint stipulation and for the reasons set forth below, it is **RECOMMENDED** that the motion to remand be **GRANTED**, and that this matter be **REMANDED** to the Circuit Court of Hale County, Alabama.

## **Analysis**

Within the joint stipulation the plaintiffs make several promises regarding future events—*i.e.*, "Each of the Plaintiffs **will** not **ask** the jury in this case for damages exceeding $75,000 per Plaintiff[]" (Doc. 11, ¶ 2 (emphasis added)); "Under no circumstances **will** any Plaintiff to this action **seek** to recover an amount of damages from all Defendants collectively, equal to, or greater than $75,000 per Plaintiff[]" (*id.*, ¶ 3 (emphasis added)); "The Plaintiffs **will** not **seek** to execute nor enforce any judgment

exceeding $75,000 per Plaintiff[]" (*id.*, ¶ 7 (emphasis added)). The joint stipulation also contains two averments that, at least partially, appear to regard the plaintiffs' present intent. (*See id.*, ¶¶ 6 ("In the trial of this case, the Plaintiffs do not intend to recover more than $75,000 each."); 8 ("The Plaintiffs **do not now nor will they ever contend** that they are entitled to receive damages in this case in excess of $75,000, each nor will they attempt to collect any portion of a judgment against the Defendants or any one of the Defendants that exceeds $75,000 per Plaintiff.") (emphasis added).) But, in determining its subject-matter jurisdiction, this Court is not concerned with the plaintiffs' present or future intentions; the critical point in time is, instead, when the case was removed. *See, e.g., Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction"). *Compare Exum v. State Farm Fire & Cas. Co.*, ___ F. Supp. 2d ___, 2011 WL 5155827, at *7 (M.D. Ala. Oct. 31, 2011) (rejecting plaintiffs' affidavit "wherein they agree to stipulate that they will enter into an irrevocable agreement to limit the damages they seek in this action to $74,000," noting that "[s]uch a stipulation does not support remand because it has no bearing on the salient issue, namely, the amount in controversy at the time the suit was filed and removed") (citations omitted); *id.* (further noting that "[w]hile post-removal evidence is permissible, 'the jurisdictional facts that support removal must

be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time[,]'" or, "[p]ut another way, the court may consider information submitted after the case has been removed only if it informs its determination of whether subject matter jurisdiction existed at the time of removal") (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)), *with Wallace v. Kentucky Fried Chicken*, Civil Action No. 08-248-KD-B, 2008 WL 4531773, at *6 (S.D. Ala. Oct. 9, 2008) ("While Plaintiff did not specify any damage amount in his original Complaint, he stipulated—pre-removal—that he was not seeking damages in excess of $75,000. This is confirmed by Defendant's own attachment of a May 8, 2008 e-mail from Plaintiff's counsel to Defendant's counsel, to the removal notice. Even with the restrictions of *Poore*[1] and *St. Paul*,[2] this case is distinguishable. The holdings in those cases focused on post-removal events to reduce the damages initially sought in the original complaint, to a damage amount below the jurisdictional threshold, in an attempt to circumvent the court's jurisdiction. Plaintiff has consistently stated that he seeks less than the jurisdictional amount. In this sense, there has been no reduction, nor attempt at reduction, of an original damage amount.") (footnotes added).

---

[1] *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-1291 (11th Cir. 2000), *implied overruling (on other grounds) recognized by, Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640 (11th Cir. 2007).

[2] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).

Fortunately, for the plaintiffs here, the jurisdictional amount was ambiguous on the face of their complaint filed in state court (*see* Doc. 1 at 16-18), and the joint stipulation does shed some light on the plaintiffs' thinking at the time they filed their complaint. Paragraphs 1 and 5 of the joint stipulation provide: the "damages which each of the Plaintiffs seek in the Complaint do not exceed $75,000 per Plaintiff." As such, these paragraphs should be properly viewed as "clarification." *See Tolbert v. K-Mart*, No. CA 06-0864-C, 2007 WL 778461, at *1 (S.D. Ala. Mar. 8, 2007) ("[D]istrict courts in the Eleventh Circuit characterize a post-removal amount-in-controversy stipulation as a clarification permitted by *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938), rather than an amendment or post-removal action forbidden by the Supreme Court in *St. Paul*.") (citing cases); *cf. St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("We have considered a post-removal affidavit when the jurisdictional amount was ambiguous on the face of the state petition. In doing so, however, we explained that the affidavit helped clarify the jurisdictional facts "**as of the time of removal**.") (internal citation and quotation marks omitted; emphasis in original); *St. Augustine High School, Inc. v. Applewhite*, Civil Action Nos. 11–1379, 11–1089, 2011 WL 3423942, at *3 (E.D. La. Aug. 5, 2011) ("Post-removal affidavits or affidavits may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.

4

When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction.") (citations omitted).

### Conclusion

Because paragraphs 1 and 5 of the joint stipulation provide the Court evidence that the sum demanded in the complaint did not meet the jurisdictional minimum "at the time the suit was filed and removed," *Exum*, 2011 WL 5155827, at *7, the undersigned **RECOMMENDS** that the motion to remand (Doc. 9) be **GRANTED**, and that this matter be **REMANDED** to the Circuit Court of Hale County, Alabama.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 29th day of November, 2011.

<span style="margin-left:auto">s/WILLIAM E. CASSADY<br>**UNITED STATES MAGISTRATE JUDGE**</span>

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a

---

[3]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).

judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.